DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **B&G CHARTER MANAGEMENT LIMITED** d/b/a B+G Marine Services, <br><br>Plaintiff, <br><br>v. <br><br>**S/V ZAZIE, U.S.C.G. No. 1324379, GRADY HOWELL TUMLIN, JR., and DEBRA JEAN ROBINSON,** <br><br>Defendants. | Case No. 3:23-cv-00033 |

**APPEARANCES:**

**MICHAEL L. SHEESLEY, ESQ.**
MICHAEL L. SHEESLEY, P.C.
ST. THOMAS, U.S. VIRGIN ISLANDS
        *For Plaintiff*

**CHARLOTTE K. PERRELL, ESQ.**
**CLAIRE E. ANACLERIO, ESQ.**
DUDLEY NEWMAN FEUERZEIG LLP
ST. THOMAS, U.S. VIRGIN ISLANDS
        *For Defendants/Counterclaimants*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** is Plaintiff's Motion to Dismiss Counterclaim ("Motion") filed on November 22, 2023. (ECF No. 16.) Counterclaimants, Howell Tumlin, Jr. ("Tumlin"), and Debra Jean Robinson ("Robinson") (collectively, "Counterclaimants" or "Owners"), filed an opposition on December 13, 2023, (ECF No. 19), and Plaintiff filed a reply thereto on January 2, 2024. (ECF No. 22.) For the following reasons, the Court will grant Plaintiff's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, B&G Charter Management Limited ("B&G"), alleges that Counterclaimants own Defendant S/V Zazie ("Zazie" or "Vessel"), "a 2012 47-feet [sic] Monohull [sic] vessel . . . ." Complaint (Compl.) at ¶¶ 7-8. According to B&G, on or around August 3, 2022, it entered

*B&G Charter Management Limited v. S/V Zazie, et al.*
Case No. 3:23-cv-00033
Memorandum Opinion
Page 2 of 8

into a contract with Owners "to effect specific repairs and fitting [sic] on the ZAZIE [sic]." *Id.* at ¶ 9. The contract contains the scope of work and the payment terms and was signed by B&G, Tumlin, and Robinson. *Id.* B&G further alleges that the "vessel was handed over to the owners in early December 2022. The total cost of the works [sic] amounted to $320,456.40 of which the Claimant has paid [sic] $226,955.11 to date. The balance of $93,501.29 is outstanding." *Id.* at ¶ 14. B&G also claims attorney's fees, including nearly $20,000 already incurred. *Id.* at ¶ 15. B&G asserts two distinct claims against Defendants: Foreclosure of Lien (Count 1) and Breach of Contract (Count 2).

For their Counterclaim, Tumlin and Robinson agree that they contracted with B&G for certain repairs to the Vessel, but they clarify that such repairs were to be completed "within a prescribed period of time." Verified Claim, Answer and Affirmative Defenses, Counterclaim and Request for Counter-Security (ECF No. 15) at 5, ¶ 2. They also allege that:

> B&G breached its contract with Owners by:
>
> a. Failing to make certain repairs to the Vessel that it had contracted to provide;
>
> b. Failing to make certain repairs in a satisfactory manner, instead undertaking repairs that were shoddy and faulty;
>
> c. Failing to complete the repairs in a timely manner;
>
> d. Undertaking repairs or tasks that were not authorized;
>
> e. Advising the Owners that B&G would not be able to complete the repairs in a timely manner given other commitments;
>
> f. Recommending repairs and equipment that were not suited to the Vessel given its size and the electrical capacity of the Vessel.

*Id.* at 5-6, ¶ 4. Tumlin and Robinson now seek damages in the amount of "at least $225,000.00." *Id.* at 7.

B&G's instant motion moves to dismiss Tumlin and Robinson's Counterclaim under Federal Rule of Civil Procedure 12(b)(6) based upon the choice of law/forum selection clause contained in the contract at issue. *See* Motion at 1-2.

## II. LEGAL STANDARD

"The Third Circuit ha[s] held that a forum selection clause may be enforced under a 12(b)(6) standard." *Reading Rock Northeast, LLC v. Russel*, Civil No. 20-5728 (RBK/KMW), 2021 U.S. Dist. LEXIS 43291, at *6 (D.N.J. Mar. 8, 2021) (citing *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001) ("[A] 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause . . . ")). The *Salovaara* court notes that because "[t]ransfer is not available . . . when a forum selection clause specifies a non-federal forum . . . it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice." *Salovaara*, 246 F.3d at 298.

## III. DISCUSSION

B&G bases its motion to dismiss Tumlin and Robinson's counterclaim upon a choice of law/forum selection clause contained in the contract executed between B&G and the Owners. Motion at 1, 3-4. Counterclaimants oppose the motion, arguing that because B&G chose to exercise its option to bring the action in this Court pursuant to federal admiralty law and their counterclaim is compulsory, the counterclaim is not subject to the forum selection clause. Opposition to Motion to Dismiss Counterclaims [sic] (Opp'n) (ECF No. 19) at 1-2.

### *A. Forum Selection Clause*

Counterclaimants do not dispute that the contract at issue between B&G and themselves contains a forum selection clause. *See* Opp'n at 2-3. The choice of law/forum selection clause appears at paragraph 14 of the Terms and Conditions of Service document and provides that:

> **Governing Law**: B+G's engagement is governed by the laws of the British Virgin Islands and the parties agree that the courts of the British Virgin Islands shall have exclusive jurisdiction in connection with B+G's engagement, except in the event Owner defaults on its responsibilities under these Terms & Conditions, in which case B+G reserves the right to pursue action(s) in the Owner's country of residence and/or the Vessel's country of registration[,]

ECF No. 16-1 at 1. Similar language appears in Article 9(a) of the Agency Agreement executed between B&G and Owners and provides:

> GOVERNING LAW: This Agreement is governed by the laws of the British Virgin Islands and the parties agree that the courts of the British Virgin Islands shall have exclusive jurisdiction in connection with this Agreement, except in the event Principal defaults on its responsibilities under this Agreement, in which case Agent reserves the right to pursue action(s) in the Principal's country of residence and/or the Vessel's country of registration.

ECF No. 16-1 at 4.

It is well settled that "forum-selection clauses in maritime contracts are 'prima facie valid' under federal maritime law and 'should be enforced unless' doing so would be 'unreasonable" under the circumstances. *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 66 (2024) (quoting *The Bremen* v. *Zapata Off-Shore Co.*, 407 U. S. 1, 10 (1972)). As the *Bremen* Court concludes, the "forum clause should control absent a strong showing that it should be set aside . . . [that is] unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. at 15. Counterclaimants do not contend that enforcement of Article 9(a) would be unreasonable, nor do they demonstrate that the clause is invalid due to fraud or overreaching. Indeed, they acknowledge the clause's validity. *See* Opp'n at 3. Thus, the Court finds the choice of law/forum selection provision valid.

Further, the United States Supreme Court counsels that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct*, 571 U.S. 49, 62 (2013). The *Atl. Marine* Court went on to explain that "[t]he 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'. . . For that reason, . . . 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id*. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (alteration in the original)).

### B. Admiralty Jurisdiction and Compulsory Counterclaim

Counterclaimants oppose the motion to dismiss based upon their interpretation of the clause that, "once B+G selects one of the enumerated venues, then that jurisdiction, rules, and jurisprudence govern the entire action." Opp'n at 3. Such interpretation of the clause is incorrect. A correct reading is that the forum selection clause allows one exception and one exception only, specifically, a claim by B&G alleging "default" by the Owners "of [their] responsibilities" under the contract. For, example, if B&G had attempted to bring another, additional claim "in connection with" the contract that was different from the Owners' default, such claim would be governed by the forum selection clause and would have to be dismissed and re-filed in the British Virgin Islands. *See, e.g., Russel*, 2021 U.S. Dist. LEXIS 43291 at *25-26 (D.N.J. Mar. 8, 2021) (where the court found that two of Defendants' several counterclaims fell within the scope of the forum selection clause and severed and transferred those two claims).

Counterclaimants also believe that the forum selection clause is rendered inapplicable because their counterclaim is compulsory as provided in Federal Rule of Civil Procedure 13.[1] Opp'n at 5-7. However, even *assuming arguendo* that the counterclaim is compulsory, if it comes within the scope of and is of the kind covered by the forum selection

---

[1] Rule 13 provides, in relevant part:

> **(a) Compulsory Counterclaim.**
> **(1)** *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> **(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> **(B)** does not require adding another party over whom the court cannot acquire jurisdiction.
> **(2)** *Exceptions.* The pleader need not state the claim if:
> **(A)** when the action was commenced, the claim was the subject of another pending action; or
> **(B)** the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
> **(b) Permissive Counterclaim.** A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

Fed. R. Civ. P. 13(a)-(b).

Case: 3:23-cv-00033-RAM-RM    Document #: 33    Filed: 04/08/24    Page 6 of 8

B&G Charter Management Limited v. S/V Zazie, et al.
Case No. 3:23-cv-00033
Memorandum Opinion
Page 6 of 8

clause, it is subject to the forum selection clause. In *Publicis Commc'n v. True N. Commc'ns*, 132 F.3d 363 (7th Cir. 1997), the Seventh Circuit opined:

> One court of appeals has expressed in dictum the view that a party to a forum-selection clause may not raise in a different forum, even as a compulsory counterclaim, a dispute within the scope of that clause. *Karl Koch Erecting Co. v. New York Convention Center Development Corp.,* 838 F.2d 656, 659 (2d Cir. 1988). That conclusion must be right. By agreeing to litigate in Delaware all claims arising out of requests under § 1.1 of the pooling agreement, True North promised not to assert such claims in other forums whether or not they would be "compulsory" counterclaims, and Publicis promised not to contend (in Delaware) that True North should have raised the claim somewhere else. By presenting the claim in Chicago, True North broke its promise. The district court should have enforced the pooling agreement by dismissing the counterclaim.

*Id*. at 366. This holding has been adopted and generally applied by numerous courts. *See, e.g., Westrock CP, LLC v. Ming's Res. Corp.*, No. 2-22-cv-00176 WBS AC, 2022 U.S. Dist. LEXIS 73591, at *14 (E.D. Cal. Apr. 21, 2022) ("Applying this reasoning, district courts nationwide have transferred counterclaims that were subject to a forum selection clause, even where the counterclaims were assumed to be compulsory under Rule 13(a). . . . Therefore, whether MRC's counterclaims are in fact compulsory does not affect the enforceability of the Asset Purchase Agreement's forum selection clause." (citing *Mil-Ray v. EVP Int'l, LLC*, 2021 U.S. Dist. LEXIS 128292, 2021 WL 2903224, at *9-10 (D. Ore. July 8, 2021) (collecting cases); *TMF Tr. Ltd. v. M/T Megacore Philomena*, 17-cv-9010 AGR, 2020 U.S. Dist. LEXIS 188783, 2020 WL 3064447, at *3 (C.D. Cal. Mar. 24, 2020))); *Innovative Display Techs. LLC v. Microsoft Corp.*, Civ. Act. No. 2:13-cv-00783-JRG, 2014 U.S. Dist. LEXIS 82429, at *17-18 n.6 (E.D. Tex. June 17, 2014) (taking issue with the defendant's argument that "the compulsory nature of Microsoft's counterclaims somehow overcomes its contractual obligation under the forum selection clause. Not only was this argument rejected by the SDNY, it is also contrary to established authority that compulsory counterclaims do not trump the forum selection clause." (citing *Publicis Commc'n v. True N. Commc'ns Inc.,* 132 F.3d 363, 366 (7th Cir. 1997)); *PMP II LLC v. D.B. Zwirn Real Est. Credit Partners, LLC*, Civil No. 08-00583 DAE-KSC; Civ. No. 09-00018 DAE-KSC, 2009 U.S. Dist. LEXIS 145686, at *7-8 (D. Haw. Apr. 10, 2009) (following an explanation of the decision in *Publicis*, concluding that "[t]he Guaranty includes a forum selection clause. Thus, even assuming the Lenders' claim is a compulsory counterclaim, they

must bring the claim in a forum specified by the clause, assuming the clause is valid and applicable . . . ."). Like True North in *Publicis*, Counterclaimants, here, agreed to bring any claims against Plaintiff "in connection with" the agreement in another forum. The fact that they assert their claim as a counterclaim is of no importance.

This principle applies even when a plaintiff invokes federal admiralty law. As B&G notes in its reply, *see* ECF No. 22 at 4, recently the United States District Court for the Central District of California followed the *Publicis* decision, also noting that *Publicis* extended a Ninth Circuit holding, in an admiralty case:

> "It is well established that a counterclaim results in shifting the parties so that the party counterclaiming becomes the plaintiff on the counterclaim and the original plaintiff becomes the defendant." *Polimaster Ltd. v. RAE Sys.*, 623 F.3d 832, 839 (9th Cir. 2010). Hurricane's alternative argument that waiver and estoppel preclude TMF from enforcing the forum selection clause as to Hurricane's compulsory counterclaims does not fare any better. In *Publicis Commun. v. True North Communs.*, 132 F.3d 363 (7th Cir. 1997), the Seventh Circuit held that the district court should have dismissed compulsory counterclaims subject to a forum selection clause. *Id.* at 366 ("party to a forum-selection clause may not raise in a different forum, even as a compulsory counterclaim, a dispute within the scope of that clause"). The Seventh Circuit relied in part on the Ninth Circuit's reasoning in *Electrical Workers Local No. 11 v. G.P. Thompson Electric, Inc.*, 363 F.2d 181 (9th Cir. 1966), in which the court held that a dispute governed by an arbitration clause may not be asserted as a compulsory counterclaim in litigation. *Id.* at 184-85. The Seventh Circuit observed that, when parties agree in a forum selection clause that a dispute will be litigated only in a particular forum, a party cannot thereafter seek to bar assertion of a claim in that forum because it was a compulsory counterclaim in some other forum. *Publicis*, 132 F.3d at 366. This court finds the reasoning of the Seventh Circuit persuasive.

*TMF Tr. Ltd. v. M/T Megacore Philomena*, CV 17-09010 AGR, 2020 U.S. Dist. LEXIS 188783, at *11-12 (C.D. Cal. Mar. 24, 2020).[2] Here, Tumlin and Robinson's counterclaim generally

---

[2] The plaintiff in that case, *TMF, Tr. Ltd.*, was the "mortgagee under the Mortgage Agreement within the meaning of 46 U.S.C. § 31325(a)." 2020 U.S. Dist. LEXIS 188783, at *3. The defendant vessel "was sold pursuant to the Amended Order Authorizing Interlocutory Judicial Sale of the M/T Megacore Philomena." *Id*. Thereafter, "[o]n November 26, 2019, the Ninth Circuit affirmed the order for the interlocutory sale of the M/T Megacore Philomena and the entry of summary judgment in favor of TMF in the *in rem* action." *Id*. The forum selection clause enforced by the *TMF Tr. Ltd.* court is similar to the one at bar: "the Courts of England shall have exclusive jurisdiction to settle any disputes which may arise out of or in connection with this Agreement." *Id*. at *6.

Case: 3:23-cv-00033-RAM-RM  Document #: 33  Filed: 04/08/24  Page 8 of 8

B&G Charter Management Limited v. S/V Zazie, et al.
Case No. 3:23-cv-00033
Memorandum Opinion
Page 8 of 8

alleges breach of contract—the same contract in which the forum selection clause appears. Thus, the claim is "in connection with" the contract and is of the kind contemplated by and subsumed within the forum selection clause. Therefore, the forum selection clause controls.

### C. Ambiguity

Despite Owners' attempt to cast the forum selection as ambiguous because it fails to address counterclaims specifically, Opp'n at 8-9, the Court finds the clause is not ambiguous. The clause plainly states that the "courts of the British Virgin Islands shall have exclusive jurisdiction in connection with this Agreement." ECF No. 15-1 at 4. The clause then carves out only one exception for B&G "in the event Principal [Owners] defaults on its responsibilities under this Agreement." *Id*. It cannot be disputed that even a compulsory counterclaim is not mandatory or required, *Publicis*, 132 F.2d at 365 ("no one is 'compelled' to present a compulsory counterclaim"), and that a counterclaim "shift[s] the parties so that the party counterclaiming becomes the plaintiff on the counterclaim and the original plaintiff becomes the defendant." *Polimaster Ltd. v. RAE Sys.*, 623 F.3d 832, 839 (9th Cir. 2010), *quoted in TMF Tr. Ltd.,* 2020 U.S. Dist. LEXIS 188783, at *11. Moreover, as noted herein, Counterclaimants do not dispute the validity of the clause as it appears in the contract with B&G. The Court agrees with B&G that the forum selection clause is "unambiguous, mandatory, and exclusive," ECF No. 22 at 2, and finds that it applies to Owners' counterclaim.

### IV. CONCLUSION

Because the Court finds that the forum selection clause in the contract at issue is valid and enforceable, and that Tumlin and Robinson's counterclaim falls within the scope of the said clause, the forum selection clause controls. Therefore, this Court is the incorrect forum for the claim asserted in the counterclaim. The proper forum for Owners' claim is the British Virgin Islands, a non-federal forum. Consequently, the Court has no choice but to grant B&G's Motion to Dismiss the Counterclaim. (ECF No. 15.) An appropriate order follows.

**Dated:** April 8, 2024       /s/ Robert A. Molloy
                              **ROBERT A. MOLLOY**
                              **Chief Judge**